# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP'S NUT-FREE KITCHEN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KIPS DEHYDRATED FOODS, LLC, and NADEEM ROBERT SROUJI, an individual,<br><br>Defendants. | CASE NO. 3:19-cv-00290-LAB-LL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [Dkt. 8]** |

This is a trademark dispute between Plaintiff Kip's Nut-Free Kitchen ("Kip's Nut-Free") and its similarly named health-food competitor, Defendant Kips Dehydrated Foods, LLC ("Kips Dehydrated").[1] Presently before the Court is Kips Dehydrated's motion to dismiss. Dkt. 8. For the reasons below, that motion is **DENIED**.

## Background

According to its complaint, since 2013, Kip's Nut-Free Kitchen ("Kip's Nut-Free") has manufactured and sold health-conscious snacks that are free of common allergens such as nuts, peanuts, dairy, and soy. Dkt. 1 at ¶ 11. Its products are available for purchase online through its website, <lovekips.com>, and in Southern California grocery

---

[1] Plaintiff also sued Nadeem Robert Srouji, the CEO of Kips Dehydrated Foods. For simplicity, both defendants are referred to as "Kips Dehydrated" or "Defendants" here.

- 1 -

stores.  *Id.* at ¶ 12.  Although the company claims to have operated continuously since 2013, Kip's Nut-Free didn't seek official trademark protection over its name until February 2018, when it filed United States Application Serial No. 87/801,097 for the "KIP's" mark in connection with "granola, granola snacks."  *Id.* at ¶ 13.  A depiction of the mark can be found in Figure 1 below:



*Figure 1 -*

*United States Application Serial No. 87/801,097 (Kip's Nut-Free Kitchen; Application Date: February 16, 2018)*

Defendant Kips Dehydrated Food ("Kips Dehydrated") is a separate manufacturer of health foods, primarily specializing in kale-chip products that are free of nuts, gluten, and other allergens.  *Id.* at ¶ 17.  Like Kip's Nut-Free, Kips Dehydrated sells its products through its website, <www.kipskalechips.com>, and at retail grocery stores and farmer's markets in Southern California.  *Id.* at ¶ 16.

On August 22, 2017—several years after Kip's Nut-Free alleges it began using the "Kip's" name but before the company first sought official trademark registration—Kips Dehydrated filed U.S. Application Serial No. 87/578,673 to register a mark for "KIPS the tasty kale chips".  *Id.* at ¶ 19.  A depiction of this mark can be found in Figure 2 below.



*Figure 2 -*

*United States Application Serial No. 87/578,673 (Kips Dehydrated Food; Application Date: August 22, 2017)*

In November 2018, Kip's Nut-Free filed a Notice of Opposition with the USPTO Trademark Trial and Appeal Board seeking to prevent registration of Kips Dehydrated's

mark. *Id.* at ¶ 23. Then, while the administrative appeal was ongoing, Kip's Nut-Free brought this suit asserting four causes of action against Kips Dehydrated: (1) federal trademark infringement; (2) federal unfair competition and false designation of origin; (3) violation of California Business and Professions Code § 17200, *et seq.*, and (4) common law trademark infringement. Kips Dehydrated now moves to dismiss the complaint.

**Legal Standards**

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court need not accept legal conclusions couched as factual allegations. *See Twombly*, 550 U.S. at 555.

**Analysis**

Kips Dehydrated moves to dismiss the complaint, arguing that Kip's Nut-Free has not met its burden of plausibly showing it has a valid trademark infringement claim. As a result, Defendants argue, both the trademark infringement claim and Plaintiff's remaining claims—each of which is largely derivative of the trademark claim—must be dismissed. But, as discussed below, Defendants' argument is premised almost entirely on materials that the Court is prohibited from considering at this stage of the litigation. Looking only to the complaint, the Court finds that Kip's Nut-Free's claims are plausible and that Defendants' motion must therefore be denied.

1. **Plaintiff's Website Is Not Incorporated by Reference**

As the parties know, in ruling on a 12(b)(6) motion, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

1  matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th
2  Cir. 2007). This doctrine has one important—but limited—exception: incorporation by
3  reference. In order to "prevent[] plaintiffs from selecting only portions of documents that
4  support their claims, while omitting portions of those very documents that weaken—or
5  doom—their claims," a court may consider a writing referenced in a complaint but not
6  explicitly incorporated therein if the complaint relies on the document and its authenticity
7  is unquestioned. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir.
8  2018). This exception also extends "to situations in which the plaintiff's claim depends
9  on the contents of a document, the defendant attaches the document to its motion to
10  dismiss, and the parties do not dispute the authenticity of the document, even though the
11  plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel
12  v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiff's primary contention in this suit is that it has a senior trademark interest in the "Kips" or "Kip's" name because it has been using the name in the health-food market since 2013, at least four years before Kips Dehydrated began using it. Kips Dehydrated argues in its motion to dismiss that the complaint is insufficient as a matter of law because of contradictory information found on Plaintiff's website. *See* Opp. at 6. Defendants argue, for example, that Plaintiff's mark has not been in "continuous use"—a requirement to have a valid, protectable trademark—because a blog post from Plaintiff's website suggests that the company pulled its products off shelves in 2016 and didn't reintroduce the products until May 2017. Mork Decl., Dkt. 8-1, Ex. C at 19-22. As a result of these contradictory statements and others found in the blog post, Kips Dehydrated argues that Plaintiff cannot plausibly plead trademark infringement.

But this is not a motion for summary judgment. Defendants may have uncovered evidence that supports their defense, but that doesn't mean they can shoehorn that evidence into a motion to dismiss. Incorporation by reference applies only where the plaintiff has strategically omitted critical portions of a document *or* where the plaintiff's claims "depend on" the contents of a document that is omitted altogether. Neither

circumstance applies here.  Although the complaint makes passing reference to Plaintiff's website, <lovekips.com>, it makes no reference to the specific blog post the Defendants have proffered.  A passing reference to a website does not transform every document associated with that website into a proper subject for judicial notice.  *See Greg Young Publ'g, Inc. v. CafePress, Inc.*, 2016 WL 6106752, at *2 (C.D. Cal. 2016) ("[A]lthough Plaintiff does quote portions of the 'FAQs' section of the website, such allegations are not a blanket permission to incorporate unrelated information found elsewhere on [the] domain.") (citations omitted).  Nor does any portion of Plaintiff's trademark infringement claim "depend on" the contents of this blog post.  The statements in the blog post may support a defense at some later stage of the litigation, but they are irrelevant to Plaintiff's claims at this time.  *See Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *5 (N.D. Cal. 2018) (rejecting a trademark defendant's argument that plaintiff's website press releases are proper subjects for incorporation by reference because plaintiff's "FAC does not depend on the assertion Defendants are currently marketing the vehicle.").

From a practical standpoint, the evidentiary issues alone should have alerted the Defendants that this material was improper in support of a motion to dismiss.  The blog post is hearsay and the Defendants are offering it for the truth of the matter asserted— that Kip's Nut-Free has not continually used the mark since 2013.  The Court has no information about when the blog post was written, what the author's motivations were, or any other critical facts that would be necessary to determine whether the contents of the blog post have evidentiary significance to this case.  As courts in this circuit routinely recognize, judicial notice and incorporation by reference are limited doctrines—"to the extent the court *can* take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1029 (C.D. Cal. 2015) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).

In short, the blog post from Plaintiff's website is not properly incorporated by reference into the complaint and cannot be considered by the Court on a motion to dismiss. To the extent they are relevant, the Court will take judicial notice of the parties' trademark applications, but Defendants' request for judicial notice is **DENIED** as to the blog post.

### 2. Plaintiff Has Stated a Plausible Trademark Claim

Without the blog post to support their argument, Defendants' motion to dismiss largely falls apart. To succeed on a trademark infringement claim, a plaintiff must show that (1) they have a valid, protectable trademark, and (2) the defendant is using a mark that is confusingly similar. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). Kip's Nut-Free has plausibly pled both elements here.

#### a. Valid, Protectable Trademark

To have a valid, protectable trademark, a plaintiff must show that it is the senior user of the mark, that the mark has been in continuous use, and that the mark has sufficient market penetration in a particular geographic market. *See Hanginout, Inc. v. Google, Inc.*, 54 F.Supp.3d 1109, 1118 (S.D. Cal. 2014); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F.Supp.2d 830, 851 (C.D. Cal. 2012).

Kip's Nut-Free has plausibly pled both a senior interest and continuing use of the mark. The complaint alleges that Plaintiff "has used the KIP'S trademark as a brand identifier for health food products . . . since 2013," and that it was the exclusive user of that mark in the health-food market until Defendants began using a similar name in 2017 or 2018. Plaintiff further alleges that its products are still available today under the "Kip's" name online and in retail stores. Accepted as true, these allegations suggest that Plaintiff's use of the mark is continuous and senior.

Plaintiff has also plausibly pled market penetration. Although Defendants argue that Kip's Nut-Free "pleads no specific facts regarding its volume of sales and growth trends, the number of persons buying the trademarked product in relation to the number of potential purchasers, or any relevant facts whereby Plaintiff's market penetration can

be measured," this overstates the pleading burden at this stage. Kip's Nut-Free alleges that its products are available throughout the United States and that it focuses specifically on the Southern California market. Construed in the light most favorable to the Plaintiff, this is sufficient to plead market penetration. *See Hanginout*, 54 F.Supp.3d at 1136 ("[B]ecause Hanginout has alleged that it 'achieved market penetration through the United States and, at a minimum, in California,' the Court must take these facts as true and leave for a later date the determination of whether Hanginout will be able to support such facts with necessary evidence."). It's true that Kip's Nut-Free doesn't specifically use the phrase "market penetration" in its complaint, but mercifully the law doesn't always turn on such formalities.

        **b.**        **Likelihood of Confusion**

In the Ninth Circuit, likelihood of confusion is determined by an eight-part test that is "predominantly factual in nature." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002). Among other things, courts consider a variety of non-exclusive factors, including (1) the strength of the mark; (2) the relatedness or proximity of the goods or services; (3) the similarity of the marks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion in product lines. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

Plaintiff has met its pleading burden on this issue. The complaint alleges that the two companies use similar marks ("KIP'S" vs. "KIPS") on highly related goods (healthy, allergen-free snacks) in the same geographic locations (online sales nationwide, with physical sales in Southern California). At this stage of the litigation, these facts are more than sufficient to suggest that there is a likelihood of confusion among at least some consumers. *See also Dita, Inc. v. Mendez*, 2010 WL 5140855, at *5 (C.D. Cal. 2010) ("Although dismissal of pleadings on grounds that likelihood of confusion is impossible from the face of a complaint is not entirely unprecedented, . . . dismissal at this stage in

the proceedings would nonetheless be 'highly unusual.'") (quoting 6 McCarthy on Trademarks and Unfair Competition § 32:121.25).

Because Plaintiff has plausibly pled both elements of a trademark infringement claim—that it has a valid, protectable trademark and there is likelihood of confusion—Defendants' motion to dismiss is **DENIED** as to this claim.

### 3. Defendants' Remaining Arguments in Favor of Dismissal Are Unpersuasive.

In addition to trademark infringement, Plaintiff's complaint contains three other causes of action—federal unfair competition, state unfair competition, and common law trademark infringement. Although Defendants put forward cursory arguments as to why these claims should also be dismissed, the claims largely rise or fall with the trademark infringement claim. As to Plaintiff's unfair competition claims, for example, "[s]ince trademark infringement is an example or form of unfair competition, stating a claim for trademark infringement is sufficient to state a claim for unfair competition." *Microsoft Corp. v. My Choice Software, LLC*, 2017 WL 5643210, at *6 (C.D. Cal. 2017). And Plaintiff's common law trademark claim also survives because a "state law trademark infringement claim . . . is subject to the same legal standards as [a federal] trademark claim." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012). In short, because the Court has determined that Plaintiff has stated a valid claim for trademark infringement, the remainder of the claims survive as well.

### 4. Conclusion

Defendants' motion to dismiss is **DENIED**. Dkt. 8. Defendants' Request for Judicial Notice is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

Dated: August 8, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge